Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| SARAH PICKENS, an Individual,<br>JAMIE RICH, an Individual,<br>TIANNA SCHAEFFER, an Individual,<br><br>      Plaintiffs,<br><br>  v.<br><br>PEACEHEALTH, a corporation,<br><br>      Defendant. | Case No.<br><br>CONSOLIDATED COMPLAINT FOR DAMAGES<br>**(EMPLOYMENT DISCRIMINATION)**<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>**JURY TRIAL REQUESTED** |

COMES NOW, Plaintiffs, through counsel, and file this Complaint for Damages against the above-named Defendant. Plaintiffs allege as follows:

### INTRODUCTION

This case centers around the Plaintiffs, former employees of various health care entities owned by Defendant PeaceHealth, and the unlawful religious discrimination they suffered because of their inability to take the COVID-19 vaccine and the Defendant's refusal to offer reasonable accommodations for the same.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiffs are various former employees of the Defendant who worked at various facilities of the Defendant in the Eugene area. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon. Plaintiffs have exhausted their administrative remedies through the U.S. Equal Employment Opportunity Commission and are bringing this Complaint within the 90-day time limit allocated to them by statute.

2.

Plaintiffs seek a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

3.

As described in greater detail below, each of the Plaintiffs worked in the health care field at one of the Defendant's facilities during the COVID-19 pandemic. Each were exceptional employees, and each maintained the strictest adherence to the safety standards employed by the Defendant during the pandemic to alleviate or eliminate the risk of infection, including the wearing of personal protective equipment (PPE), regular handwashing, social distancing, regular testing, and quarantining when necessary. Sometime in the summer of 2021, the Defendant imposed a vaccine mandate to its employees, but, consistent with law, permitted employees to apply for religious or medical exceptions to the vaccine.

4.

Each Plaintiff also held sincere and profound religious beliefs that prevented them from being able to take the available COVID-19 vaccines. Their individual stories are below.

5.

**SARAH PICKENS**

Plaintiff Sarah Pickens was employed for over nine years as an Inpatient Pharmacy Technician by PeaceHealth Riverbend Medical Center in Springfield, Oregon. Her job duties mostly consisted of being an IV technician where she worked in a clean room for eight hours daily. Plaintiff Pickens also worked as a medical reconciliation technician. This duty involved interviewing patients on their medications. At the time Plaintiff Pickens was placed on unpaid leave, this job duty was ninety-percent remote, and she was not allowed into the patients' rooms and interviewed them by phone.

6.

When the vaccine mandate was imposed, Plaintiff Pickens's co-workers and doctors started making rude, negative, and hostile comments about those who chose not to get vaccinated, including posting comments on social media. Plaintiff Pickens went from enjoying her job and co-workers to feeling alone, bullied, and intimidated, and she dreaded going to work.

7.

Plaintiff Pickens applied for a religious exception due to her strongly held Christian beliefs and it was granted. However, she was not accommodated by the Defendant. Instead, she was placed on indefinite unpaid administrative leave on September 1, 2021. Plaintiff was able to claim unemployment benefits but found it difficult to obtain new employment that fit in with her family's schedule. Plaintiff Pickens and her family were forced to make the difficult decision to sell their home and move to another state.

8.

Plaintiff Pickens has been traumatized by this experience. She has always worked hard and was committed to her job. Plaintiff Pickens lost not only her income but health insurance for herself and her child. Plaintiff Pickens received a right to sue letter from the EEOC on August 22, 2023. Plaintiff Pickens suffered economic damages of at least $153,649.00 in lost wages and

benefits, and non-economic damages of at least $300,000, or an amount to be determined at trial.

9.

## JAMIE RICH

Plaintiff Jamie Rich worked for approximately twelve years for Defendant. She started working for Defendant in 2005 in the Environmental Department and left her job in 2010. Plaintiff Rich was rehired in 2013 in Environmental Services, then transferred to the Supply Chain Department, as a Supply Chain Specialist. Plaintiff Rich received positive reviews and good evaluations from her managers.

10.

In the summer of 2021, Plaintiff Rich was on vacation when she was contacted by her manager, who informed her about the COVID-19 vaccine mandate. When Plaintiff Rich told her manager that she intended to submit a religious exemption, she was told that exceptions were only being approved for people who worked remotely. On August 26, 2021, Plaintiff Rich submitted her religious exception, and on September 1, 2021, she was placed on unpaid leave. Her religious exception was approved on September 2, 2021, but no accommodation was made to allow her to continue to work.

11.

Plaintiff Rich was able to collect unemployment benefits, but only after a hearing. Eventually, Plaintiff Rich was able to obtain other employment, but with less pay. She had to use government assistance for food to feed her family and needed to borrow money to pay her bills. Defendant's unlawful actions have caused great financial distress.

12.

Plaintiff Rich has suffered tremendous emotional upset, stress, and anxiety, including feeling isolated and worried about the future. Plaintiff Rich received a right to sue letter from the EEOC on August 23, 2023. Plaintiff Rich suffered economic damages of no less than $246,000.00, in past and future wage loss and benefits, and non-economic damages in an amount to be

determined at trial.

13.

**TIANNA SCHAEFFER**

Plaintiff Tianna Schaeffer was employed as a Registered Nurse/Staff Nurse for approximately seven years at PeaceHealth University District Medical Center. She worked on the Medical and Acute Care of the Elder Unit. She consistently received positive reviews and loved her job. Plaintiff Schaeffer put her heart into her work and always strived for excellence. She was frequently assigned to train new employees and filled in for the Charge Nurse when needed and had hoped that she would be promoted to Charge Nurse. She was proud to work for PeaceHealth.

14.

Plaintiff Schaeffer has deeply held Christian beliefs and filed a request for a religious exception to the vaccine mandate on August 27, 2021, which was accompanied by a letter from her pastor. Plaintiff Schaeffer explained how she would like to have reasonable accommodation, such as working remotely, or wearing a N95 mask and testing weekly, so that she could keep working. Her exception was granted, but the "accommodation" provided was unpaid leave. She was placed on indefinite unpaid leave on September 1, 2021, and eventually terminated on April 30, 2023. Shortly after Plaintiff Schaeffer was placed on unpaid leave, she was alerted to a job posting by PeaceHealth for a telehealth triage nurse for PeaceHealth Medical Group, which was fully remote, and exactly the kind of accommodation she had been seeking. Plaintiff Schaeffer also discovered that other hospital systems in the Springfield area were allowing unvaccinated employees with exceptions to continue to work but were not hiring new unvaccinated staff. During this time of unpaid leave, Plaintiff Schaeffer continued to receive frequent calls and messages from PeaceHealth imploring nurses to pick up shifts due to shortages, and they were offering hefty incentives and bonuses.

15.

Plaintiff Schaeffer is the sole provider for her family, she was also pregnant at the time

and had two other young children. Plaintiff Schaeffer suffered tremendous mental and emotional distress, including stress, severe anxiety, depression, irritability, and panic attacks. Plaintiff was able to obtain new employment, but she works more hours for less pay. Plaintiff Schaeffer lost not only her salary and benefits, but she lost promotion opportunities and higher pay, career advancement and seniority. She was not allowed to work during the time that big incentives and bonuses were offered. Plaintiff Schaeffer received a right to sue letter from the EEOC on September 12, 2023. Plaintiff Schaeffer suffered economic damages and non-economic damages in an amount to be determined at trial.

16.

Until the COVID-19 pandemic unfolded, none of the Plaintiffs sincerely held religious beliefs had caused conflict with their work requirements.

17.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, that Plaintiffs suddenly created an unacceptable health and safety risk necessitating them being placed on unpaid administrative leave and effective termination.

18.

The Defendant's adverse employment actions against Plaintiffs were not, as it has claimed, to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory and retaliatory. Each of the Plaintiffs should have been given reasonable accommodations to continue working for Defendant.

19.

Each of the Plaintiffs have suffered significant economic loss and emotional distress.

20.
**FIRST CLAIM FOR RELIEF – All Plaintiffs**
**(Unlawful Employment Discrimination Based on Religion**

**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

21.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious belief in the tenants of Christianity, as evidenced by Defendant PeaceHealth granting their requested exceptions.

22.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

23.

When Plaintiffs requested exceptions to the COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize or accommodate Plaintiffs' religious beliefs.

24.

Instead of finding reasonable accommodation or set of accommodations for their religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful effective terminations. The unlawful discrimination against Plaintiffs' religion by Defendant as outlined above was a proximate cause of Plaintiffs' individual wrongful terminations.

25.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiffs have been damaged in an amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages and attorney's fees.

26.
**SECOND CLAIM FOR RELIEF- All Plaintiffs**
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**
**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

27.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious belief in the tenants of Christianity, as evidenced by the Defendant granting their requested exceptions.

28.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

29.

When Plaintiffs requested religious exceptions to the Defendant's COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize and accommodate Plaintiffs' religious beliefs.

30.

Instead of finding reasonable accommodation or set of accommodations for their religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful effective terminations. The unlawful discrimination against Plaintiffs' religious beliefs by Defendant as outlined above was a proximate cause of Plaintiffs' wrongful terminations.

31.

As a result of Defendant's unlawful discrimination, Plaintiffs have been damaged for economic and non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demands judgment against Defendant and seek the following relief:

1. A judgment in favor of Plaintiffs and against Defendant on both claims in an amount to be determined at trial.

2. Plaintiffs seek a trial by Jury on all claims to which Plaintiffs are entitled to a jury trial.

3. Plaintiffs' reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 20th day of November, 2023.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff