Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| PERRY JARRELL an Individual,<br><br>               Plaintiff,<br><br>    v.<br><br>ALLCARE HEALTH, INC., a corporation,<br><br><br>               Defendant. | Case No. 1:23-cv-01719-MC<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br>**(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $1,292,226.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Perry Jarrell through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

### INTRODUCTION

This case goes to the heart of an individual's fundamental right to free religious expression and thought. This case also grapples with the controversies surrounding management of the COVID-19 pandemic and vaccine mandates. In the end, though, this case is about the Plaintiff and the unlawful religious discrimination he suffered at the hands of his employer, Allcare Health

(Allcare).

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Perry Jarrell lives in Jackson County, Oregon. Defendant is a corporation with more than 200 employees that does regular, sustained business activity in the State of Oregon. Plaintiff exhausted his administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about August 23, 2022.

2.

At all times material to this Complaint, Plaintiff was a resident of Jackson County, Oregon.

3.

At all times material to this Complaint, Defendant Allcare Health was regularly conducting business in the State of Oregon, specifically in Medford, Oregon.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

5.

Plaintiff was employed as a Registered Nurse Chronic Case Manager for over three years by Defendant. Defendant was contracted to manage the Oregon Health Plan and Medicaid population in southern Oregon. Plaintiff's job as a Registered Nurse Case Manager was to conduct telephonic education and disease management. When the pandemic began, Plaintiff began working fulltime remotely from home. During his three years with Defendant, Plaintiff had only seen three members in person. The core of his duties was limited to calling members and educating them on their diagnosis, including diabetes, asthma, COPD, and congestive heart failure. Plaintiff

worked very hard, and could always be counted on to help, including on a special project of the Talent/Phoenix fires to help members and non-members alike. Plaintiff had planned to retire in 2027.

6.

Plaintiff is also a devoutly religious individual who adheres to principles of a Christian faith and is dedicated to following the tenets of his faith to the best of his ability.

7.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with his work requirements.

8.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities.

9.

In the summer of 2021, Defendant announced it would be implementing and enforcing a COVID-19 vaccine mandate in the workplace. Plaintiff was informed that those individuals with religious beliefs in conflict with the vaccine and/or to the taking of the vaccine could apply for religious exceptions.  As a devout Christian, Plaintiff had serious objections to taking the vaccine because it would constitute violating his bodily integrity and tainting the purity of his body per his interpretation of his faith in God and the Bible. Plaintiff also believes that life begins at conception and because the COVID-19 vaccines were either tested on or manufactured with aborted fetal cells, he could not in good conscience take one. He is strongly opposed to the use of fetal cells, and the thought of the use of human fetal cells caused him great anguish and emotional suffering.

10.

On or about August 16, 2021, Plaintiff filed the formal paperwork for a religious exception.

Page 3 –FIRST AMENDED COMPLAINT FOR DAMAGES

He requested that he continue to work from home remotely as an accommodation, as he had been for the prior eighteen months. Plaintiff's exception request was denied and on September 29, 2021, Plaintiff was terminated, although Defendant termed it a "voluntary resignation." Plaintiff informed Defendant that he was not voluntarily resigning, and that he was being illegally terminated.

11.

Plaintiff's termination caused great anguish, trauma, and emotional and physical pain, including stress, anxiety, anger, and questioning of his self-worth, values, and his profession. At the time of his termination, Plaintiff needed medical care and surgery, which were no longer an option due to his loss of health insurance. This caused Plaintiff needless suffering and pain. The termination of Plaintiff's pay and benefits has had a significantly negative impact on his life. Prior to his termination, Plaintiff was earning approximately $43.25 hourly, plus benefits, for an annual salary of approximately $89,960.00. Plaintiff has been unable to obtain new employment and has had to use his savings to live.

12.

The Defendant has yet to explain why, in its view, after a year of being able to work without incident during the pandemic, Plaintiff's unvaccinated status suddenly created an unacceptable health and safety risk necessitating his termination.

13.

The Defendant's adverse employment actions against Plaintiff were not to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory against Plaintiff based on his sincerely held religious beliefs and retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendant with no undue burden on it that it failed to pursue. Instead, it took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

Page 4 –FIRST AMENDED COMPLAINT FOR
DAMAGES

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

14.

Because of the Defendant's unlawful adverse employment actions against Plaintiff, Plaintiff has suffered economic loss and emotional distress.

15.

**FIRST CLAIM FOR RELIEF**
**(Unlawful Employment Discrimination Based on Religion**
**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

16.

Plaintiff is a member of a protected class on the basis of his devout and sincerely held religious belief in the tenants of Christianity.

17.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

18.

When Plaintiff raised his well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working remotely from home to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

19.

Instead of finding reasonable accommodation or set of accommodations for his religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

20.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff incurred economic damages of no less than $430,742.00, and non-economic damages of no less than $861,484.00, or an amount to be determined at trial for wage and benefit loss, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages and attorney's fees.

21.

**SECOND CLAIM FOR RELIEF**
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**
**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

22.

Plaintiff is a member of a protected class on the basis of his devout and sincerely held religious belief in the tenants of Christianity.

23.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

24.

When Plaintiff raised his well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working remotely to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

25.

Instead of finding reasonable accommodation or set of accommodations for his religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

26.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial for economic damages of no less than $430,742.00, and non-economic damages of no less than $861,484.00 or in an amount to be determined at trial, for lost wages, lost benefits, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages and attorney's fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1.  A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial.

2.  Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3.  Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4.  Any other relief as the Court deems just and equitable.

DATED this 20th day of November, 2023.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999