**Sean P. Ray**, OSB No. 075040
sray@barran.com
**Ashley T. Korkeakoski-Sears**, OSB No. 224354
asears@barran.com
Barran Liebman LLP
601 SW Second Avenue, Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212

Attorneys for Defendant AllCare Health Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| PERRY JARRELL , an Individual, | Case No. 1:23-cv-01719-MC |
| Plaintiff, | **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECUSAL OF JUDGE MICHAEL J. MCSHANE** |
| v. | |
| ALLCARE HEALTH, INC., a corporation, | |
| Defendant. | |

## I.    INTRODUCTION

Defendant AllCare Health Inc. ("AllCare" or "Defendant") submits this response to Plaintiff's Motion for Recusal of Judge Michael J. McShane (ECF 28).

## II.    LEGAL STANDARD

Under 28 U.S.C. § 455(a), disqualification of a judge from proceedings is appropriate when their "impartiality might reasonably be questioned." Bias or prejudice is usually established through evidence of a significant "extrajudicial source factor" influencing the judge's opinion. *Liteky v. United States*, 510 U.S. 540, 554-55 (1994). Mere "expressions of impatience, dissatisfaction, annoyance, and even anger" are insufficient to establish bias or

Page 1 – DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECUSAL

partiality. *Id.* at 555-56. Even "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* at 555.

Instead, to plausibly indicate the existence of bias or partiality sufficient to warrant disqualification, such comments must, at the least, "reveal an opinion that derives from an extrajudicial source" or "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* that is, the "disqualifying bias or prejudice must generally stem from something other than 'information and beliefs' the judge 'acquired while acting in his or her judicial capacity.'" *Melendres v. Arpaio*, 2015 U.S. Dist. LEXIS 179130, at *33 (D. Ariz. July 10, 2015) (quoting *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012)).

### III.    ARGUMENT

#### A.    <u>The motion should be denied because it is procedurally deficient.</u>

1.    <u>A motion brought by ethics counsel representing the Janzens is procedurally improper.</u>

At the outset, it is unclear if the motion to disqualify is even brought on behalf of Plaintiff. Oddly, the motion was filed by ethics counsel representing Caroline and Paul Janzen (the "Movants" or "Janzens"), and their personal attorney is not an attorney of record in this case nor does he represent any party in this case. Indeed, it is entirely unclear what legal basis an attorney representing the Movants even has for filing the present motion in a lawsuit where he is not an attorney of record and he does not purport to represent either party. By filing this motion on behalf of the Janzens, despite the fact that they themselves are not parties in this case—and in fact are attorneys of record in this case—the Janzens appear to be suggesting that somehow they are parties capable of being represented in a case they are actively litigating.

The procedural impropriety of this motion is highly unusual, particularly when the Movants could have simply filed a motion to disqualify on their client's behalf. Instead of doing so, or taking any other procedurally appropriate step, they have chosen to have *their*

Page 2 – DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECUSAL

attorney file a motion on their behalf in their individual and personal capacities. Effectively, they have created a case within a case for no discernible reason and with no articulated basis. Given that neither the Janzens nor their attorney have offered any basis, let alone a legitimate one, for submitting a motion through their personal attorney in a case where they are attorneys of record, the motion should be denied in its entirety.

2.    The motion is untimely.

The procedural deficiencies of this motion are only further highlighted by its untimely filing. A motion to disqualify under either 28 U.S.C. § 144 or 28 U.S.C. § 455 "must be made in a timely fashion." *United States v. Mikhel*, 889 F.3d 1003, 1027 (9th Cir. 20018). Generally, "such motions should be filed with reasonable promptness after the ground for such a motion is ascertained." *Id.* at 1026 (citation omitted). Unexplained delays in filing a motion to disqualify warrants denial of the motion as untimely because it can "suggest[ ] that the recusal statute is being misused for strategic purposes." *Id.* (citations omitted).

This case was filed over two years ago on November 20, 2023. Although the ethics complaint filed by Judge McShane regarding the Janzens was apparently filed more than one year ago on November 1, 2024, the Janzens have conveniently waited over a year to file the present motion to disqualify. Notably, the present motion was filed shortly after Judge McShane granted non-party Sky Lakes Medical Center's Motion to Quash, in which Sky Lakes requested attorney fees and costs associated with preparing the motion.

The delay in filing this motion alone is a sufficient basis for denial. The timeliness standard requires the moving party to "promptly file its motion *upon discovery of the basis for recusal* regardless of the issues then-pending before the Court." *Jackson v. Tesla, Inc.*, 772 F. Supp. 3d 1111, 1116 n.3 (N.D. Cal. 2025). The Ninth Circuit has held a motion to recuse was untimely when it was filed only a month after the alleged grounds for recusal were known to the moving party. *Mikhel*, 889 F.3d at 1027; *see Cotterill v. City & Cnty. Of San Francisco*, 2025 U.S. App. LEXIS 3370, at *4 (9th Cir. Feb. 13, 2025) (unpublished). District courts

Page 3 – DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECUSAL

within the Ninth Court have issued similar rulings. *Al-Mansur v. Cnty. Of Alameda*, 2025 U.S. Dist. LEXIS 103563, at \*4-5 (N.D. Cal. May 30, 2025) (finding motion to disqualify untimely when filed five months after hearing at issue); *United States v. Kubon*, 2019 U.S. Dist. LEXIS 114834, at \*6-7 (N.D. Cal. July 10, 2019) (finding motion to disqualify untimely when filed eight months after applicable grounds)

The circumstances present here demonstrate precisely the type of misuse of the recusal statute that the Ninth Circuit has noted when discussing the reasons for treating delayed motions to disqualify with disfavor. Not only has this motion been filed over a year after the Movants became aware of the grounds for disqualification, in comes on the heels of an unfavorable ruling. Even more noteworthy is the fact that the motion to disqualify is only now being made when the issue of an attorney fees award against the Movants is presently before the Court.

Absent from the motion is any basis or reason for why the Movants waited over a year to move to disqualify Judge McShane, or even why events that occurred over a year ago in separate proceedings should now form the basis for recusal in this case. Viewed as a whole, these circumstances clearly demonstrate that the sole purpose of this motion to disqualify is to misuse the recusal statutes, and this alone is a sufficient basis for denial of the motion.

B.      **The Motion should be denied because it fails to state adequate grounds for disqualification.**

Along with the procedural deficiencies, Plaintiff's motion to disqualify must be denied because there is no evidence that Judge McShane has demonstrated bias or partiality toward the parties. Instead, the entire basis of Plaintiff's motion is Judge McShane's alleged conduct toward Plaintiff's attorneys. Without more, such allegations are insufficient to constitute adequate grounds for disqualifying Judge McShane from presiding over this case.

It is well established that, to warrant disqualification, the alleged bias must be directed at a party in the proceeding. *See, e.g.*, *Cintron v. Union P.R. Co.*, 813 F.2d 917, 921 (9th Cir.

Page 4 – DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECUSAL

1987) ("Personal bias, to require recusal or remand to a different judge, must be against the party, not against the attorney for the party."); *Luna v. Sears Life Ins. Co.*, 2007 U.S. Dist. LEXIS 109092, at *8 (S.D. Cal. Mar. 7, 2007) (citing *Liteky*, 510 U.S. at 555) ("In the absence of showing personal bias or prejudice against the parties, a controversy between the judge and counsel does not require disqualification, even when the judge manifests hostility toward counsel.").

 Here, the motion makes numerous allegations and references to Judge McShane's conduct toward the Janzens, but notably absent from the motion is any reference to specific actions or conduct directed at Plaintiff. The motion discusses an ethics complaint that Judge McShane filed regarding the Janzens in relation to an entirely different proceeding, written orders issued in different, unrelated proceedings, and sanctions that have been entered against the Janzens. Yet, in each instance, there is no reference to any conduct directed at a party, let alone a party in the present case.

To the extent the motion relies on the ethics complaint as an extrajudicial source, this is plainly insufficient to constitute the type of bias that would necessitate disqualification.

Further, the Committee on Codes of Conduct has issued an advisory opinion that directly addresses the issue of bias in relation to a judge who files a complaint about unprofessional conduct by an attorney. In that opinion, the committee concluded:

> [W]hen a judge files a complaint of unprofessional conduct against a lawyer, either in compliance with a state law or Canon 3B(6), and the lawyer is before the judge as counsel in the case giving rise to the unprofessional conduct, or in a later case, *the judge is not required to recuse on grounds of bias or prejudice simply because the complaint was filed*." Committee on Codes of Conduct Advisory Opinion No. 66, Guide to Judiciary Policy, Vol. 2B, Ch. 2, at 92.

This advisory opinion alone demonstrates that a judge who files a complaint regarding unprofessional conduct by an attorney not only fails to create even an indication of bias against the attorney, but in fact is often derived from the judge's own ethical obligations.

Page 5 – DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECUSAL

Aside from the ethics complaint, all the allegations in the motion are in reference to actions, statements, or conduct that occurred in the course of judicial proceedings. Generally, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Instead, judicial conduct or statements made in the course of court proceedings *may* rise to the level of bias or prejudice only if it is revealed that the judge's opinion is derived from an extrajudicial source. *Id.*

Although the complaint itself is not included as an exhibit, presumably it is based on conduct that occurred during court proceedings that Judge McShane presided over. As such, the complaint does not constitute an extrajudicial source because the content and opinions contained in the complaint derived from the conduct and opinions that were formed during judicial proceedings. No other outside source has been identified in this motion—in fact, the only sources that have been identified derive from opinions formed in the course of proceedings.

Because the only conduct alleged in the motion relates to the Janzens, disqualification would be appropriate only if Judge McShane's treatment of the Janzens could reasonably be construed as bias against Plaintiff. *Woodard v. Barnum*, 2009 U.S. Dist. LEXIS 134972, at *13 (D. Ariz. 2009) ("Unless there is an allegation of 'such virulent personal bias or prejudice against the attorney as to amount to a bias against the party,' bias or prejudice toward counsel is also insufficient."). "Mere hostile treatment of counsel does not constitute bias or prejudice." *Id.* Of the conduct that is alleged, none is sufficient to rise to the level of concluding that Judge McShane has demonstrated bias or partiality toward any party present in this case.

The "personal and vitriolic language" that the motion identifies are issues that are intrinsically tied to determinates that judges must often make when deciding issues like sanctions awards. For example, the motion alleges that Judge McShane characterized the Janzens' conduct as "negligent and bordering on bad faith." Whether an attorney's conduct is

Page 6 – DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECUSAL

made in bad faith is a prerequisite determination under multiple sanctions standards. An attorney's overall competence or even negligence in taking specific actions can certainly bear on whether the attorney's actions were taken in bad faith, and this type of language does not somehow create an indication of bias.

Nor do the remedies issued by Judge McShane create an implication of bias. Movants allege that his rulings have been "increasingly severe and unusual," but offer only three examples of these "severe" rulings. Of those examples, a sanctions award based on "evidence of bad faith, wanton actions, and forum shopping" is a far cry from the type of bias required to necessitate disqualification. This type of articulated basis is necessary to support an award for sanctions, and merely articulating the conduct exhibited by counsel that warranted a sanctions award simply cannot independently demonstrate the type of extreme partiality that could be imputed to a client and warrant disqualification.

Further, to the extent Movants rely on Judge McShane's ruling from over a year and a half ago where he ordered Movants to provide their clients with contact information from the Oregon State Bar Professional Liability Fund, this again is insufficient to demonstrate bias that could plausibly be imputed to every client that the Janzens represent. Indeed, the fact that Judge McShane ordered Movants to provide their clients with this information—rather than imposing a monetary sanction that could impact their clients directly—affirmatively undermines the proposition that he has or would express bias against individuals represented by the Janzens.

None of the allegations contained in the motion in any way demonstrate bias or partiality against the Movants, nor is any of the conduct alleged sufficient to constitute such severe bias against counsel that it could be imputed to a party, let alone a party present in this case. This inexcusably delayed motion could only have been brought as a strategic measure to avoid Judge McShane's ruling regarding an attorney fees award in relation to the subpoena issued to Sky Lakes. This is a blatant misuse of the recusal statute, and the motion should be denied.

Page 7 – DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECUSAL

## IV.     CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court deny Plaintiff's Motion for Recusal of Judge Michael J. McShane.

DATED December 23, 2025.

BARRAN LIEBMAN LLP

By s/Sean P. Ray
    Sean P. Ray, OSB No. 075040
    sray@barran.com
    Ashley T. Korkeakoski-Sears, OSB No. 224354
    asears@barran.com

Attorneys for Defendant

Page 8 – DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECUSAL