# IN THE FEDERAL DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PERRY JARRELL an Individual,<br><br>                           Plaintiff,<br><br>v.<br><br>ALLCARE HEALTH, INC., a corporation,<br><br>                           Defendant | Case No.: 1:23-cv-01719-MC<br><br>MOTION FOR RECUSAL OF JUDGE MUSTAFA T. KASUBHAI<br><br>EXPEDITED CONSIDERATION REQUESTED |

## CERTIFICATION PURSUANT TO LR 7-1

The undersigned counsel has conferred with opposing counsel by email and telephone and they oppose this motion.

## MOTION TO RECUSE

Caroline Janzen and Paul Janzen (Movants), through their counsel, Theodore Reuter move the court for an order recusing Judge Mustafa T. Kasubhai from the above captioned matter. This motion is brought pursuant to 28 U.S.C. §§ 144 and 455, and is supported by the accompanying memorandum of law and declaration.

//

//

**REUTER CORBETT LLP**
1915 NE Stucki Ave, Suite 365
Hillsboro, OR 97006
503-874-6166

**MEMORANDUM OF LAW**

## I. INTRODUCTION

A judicial officer in district court has an obligation to recuse him or herself when it would appear to a reasonable person that a bias exists which would lead a reasonable person to question whether they are able to act impartially in relation to a case. In this instance, Movants seek recusal of the Honorable Mustafa T. Kasubhai in relation to the above captioned matter. A reasonable person would question Judge Kasubhai's impartiality because (1) Judge Kasubhai disclosed confidential settlement communications from a case involving Movants' client to Judge McShane, which communications were subsequently incorporated into a State Bar complaint against Movants; and (2) a comparison of Judge Kasubhai's rulings in COVID-19 religious exemption cases demonstrates a marked shift toward heightened scrutiny of such claims following the events giving rise to the Bar complaint, creating an appearance of bias against parties and counsel associated with Movants.

## II. LEGAL STANDARD

The United States Constitution guarantees that litigants are entitled to an unbiased judge who will provide them with full protection of all rights. This is a fundamental principle tied to constitutional guarantees and codified in the United States Code.

Pursuant to 28 U.S.C. § 455(a), a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). The standard is objective - whether a reasonable person with knowledge of the facts would question the judge's impartiality. *Clemens v. United States Dist. Court*, 428 F.3d 1175, 1178 (9th Cir. 2005). Even where the court is confident that a judge would in fact fairly administer the dispute between the parties, if that judge's impartiality might reasonably be questioned, it is an abuse of discretion to fail to

**REUTER CORBETT LLP**
1915 NE Stucki Ave, Suite 365
Hillsboro, OR 97006
503-874-6166

recuse oneself. *Creech v. United States District Court for the District of Idaho,* 119 F. 4th 1114, 1116 (2024).

The 9th Circuit has interpreted this rule to require recusal "where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Carey*, 929 F.3d 1092, 1104 (9th Cir. 2019) (citations and quotation marks omitted). "The reasonable person is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer." *United States v. Mikhel*, 889 F.3d 1003, 1027 (9th Cir. 2018). The standard is objective. "[W]hat matters is not the reality of bias or prejudice but its appearance." *Carey*, 929 F.3d at 1104 (*quoting Liteky v. United States*, 510 U.S. 540, 548, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)); *Mikhel*, 889 F.3d at 1027 ("The goal of section 455(a) is to avoid even the appearance of partiality." (citations omitted)). This is necessarily a fact-bound inquiry that "turn[s] on subtleties in the particular case." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008); id. ("[T]he analysis of a particular section 455(a) claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue." (citation omitted)). "If the case is close, the judge should recuse." *Creech,* 119 F4th at 112. *Citing See Holland*, 519 F.3d at 912. *See also United States v. Dandy*, 998 F.2d 1334, 1349 (6th Cir. 1993) ("Where the question is close, the judge must recuse himself.").

A party may move for recusal when a judge has personal bias or prejudice, supported by affidavit stating facts and reasons for belief that bias exists. 28 U.S.C. § 144.

**III.  GROUNDS FOR RECUSAL**

### A. Judge Kasubhai's Disclosure of Confidential Settlement Communications Creates an Appearance of Impropriety

Judge Kasubhai disclosed confidential settlement communications from a case involving Movants' client to Judge McShane. Janzen Decl. ¶ 2. These confidential communications were subsequently incorporated into a State Bar complaint filed against Movants. Janzen Decl. ¶ 3. The disclosure of confidential settlement communications by a judicial officer to another judge, which are then used in disciplinary proceedings against counsel, creates a profound appearance of impropriety. A reasonable, well-informed observer would question whether Judge Kasubhai can impartially adjudicate matters involving Movants or their clients given this sequence of events.

### B. Judge Kasubhai's Inconsistent Application of Pleading Standards Creates an Appearance of Bias

The appearance of impropriety is further demonstrated by comparing Judge Kasubhai's treatment of religious exemption claims before and after the events described above. Two cases illustrate this marked shift in judicial approach: *DeMeyer v. St. Charles Health System, Inc.*, Case No. 6:23-cv-00069-MK (D. Or. July 3, 2023) and *Dill v. PeaceHealth*, Case No. 6:23-cv-00720-MTK (D. Or. Dec. 23, 2024). Janzen Decl. ¶¶ 4-5, Exs. A, B.

In *DeMeyer*, decided in July 2023, Judge Kasubhai denied a motion to dismiss a religious discrimination claim with minimal scrutiny of the plaintiff's religious beliefs. The Court accepted without detailed analysis that the plaintiff was a "devout Christian" who "did not believe it was consistent with his faith to take the vaccine." Janzen Decl. ¶ 4, Ex. A at 2. The defendant in that case "t[ook] no position on whether Plaintiff's accommodation request

**REUTER CORBETT LLP**
1915 NE Stucki Ave, Suite 365
Hillsboro, OR 97006
503-874-6166

stemmed from a bona fide religious belief." *Id.* at 5 n.2. The Court found the plaintiff had pled sufficient facts to state a claim.

In stark contrast, in *Dill*, decided in December 2024, Judge Kasubhai engaged in an extraordinarily granular dissection of the plaintiff's stated religious beliefs. The Court quoted at length from the plaintiff's religious exemption request and then parsed her words to conclude that she had merely alleged "a belief that God conferred on her the ability to decide whether to take the vaccine, and that she decided not to for various non-religious reasons." Janzen Decl. ¶ 5, Ex. B at 5. The Court dismissed the complaint with prejudice, finding that "[i]f the mere belief in free will as conferred by God were sufficient to allege a religious belief in conflict with an employment duty, virtually all disagreements between a religious employee and their employer would constitute religious discrimination." *Id.* at 5-6.

The dramatic difference in analytical approach between these two decisions—from accepting a general statement of religious belief at face value to parsing the precise wording of a plaintiff's exemption request—creates an appearance that Judge Kasubhai has adopted a more hostile posture toward religious exemption claims following the events giving rise to the Bar complaint against Movants. This appearance of inconsistent treatment, viewed alongside Judge Kasubhai's disclosure of confidential settlement communications, would lead a reasonable, well-informed observer to question the Court's impartiality in matters involving Movants or their clients.

<strong>CONCLUSION</strong>

In conclusion, the standards set forth under 28 U.S.C. § 455 and 28 U.S.C. § 144 are satisfied here. Judge Kasubhai has given a reasonable person reason to believe that his impartiality might reasonably be questioned based on (1) his disclosure of confidential

**REUTER CORBETT LLP**
1915 NE Stucki Ave, Suite 365
Hillsboro, OR 97006
503-874-6166

settlement communications that were subsequently used in a Bar complaint against Movants, and (2) his markedly inconsistent treatment of religious exemption claims—applying minimal scrutiny in earlier cases while engaging in granular dissection of plaintiffs' stated beliefs in later cases—which creates an appearance of bias against parties and counsel associated with Movants. Because "[i]f the case is close, the judge should recuse," recusal is warranted here.

Respectfully submitted this 22nd day of ___January___, 2026.

REUTER CORBETT LLP

/s/ Theodore W. Reuter
Theodore W. Reuter, OSB #084529
Email: treuter@reutercorbett.com

**REUTER CORBETT LLP**
1915 NE Stucki Ave, Suite 365
Hillsboro, OR 97006
503-874-6166

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served a copy of the foregoing MOTION FOR RECUSAL OF JUDGE

MUSTAFA T. KASUBHAI on the following:

Sean P. Ray
Barran Liebman LLP
601 SW Second Avenue, Suite 2300
Portland, Oregon 97204-3159
sray@barran.com
Attorney for Defendant

Ashley T. Korkeakoski-Sears
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
asears@barran.com
Attorney for Defendant

On this 22nd day of ___January___, 2026 by:

    X     mailing to said individuals a complete and correct copy thereof, contained in a sealed envelope, addressed as set forth above and deposited in the United States mail at Portland, Oregon, with postage thereon prepaid, on said day.

    X     electronic mail at the email address set forth above.

REUTER CORBETT LLP

/s/ Theodore W. Reuter
Theodore W. Reuter, OSB #084529
Email: treuter@reutercorbett.com

MOTION FOR RECUSAL OF JUDGE MUSTAFA T. KASUBHAI

PAGE 7 OF 7

**REUTER CORBETT LLP**
1915 NE Stucki Ave, Suite 365
Hillsboro, OR 97006
503-874-6166