Troy J. Wood, OSB No. 954583
twood@reutercorbett.com
Theodore W. Reuter, OSB No. 084529
treuter@reautercorbett.com
Jeffrey A. Myers, OSB No. 094561
jmyers@reutercorbett.com
**REUTER CORBETT LLP**
1915 NE Stucki Ave, Suite 365
Hillsboro, OR 97006
503-874-6166

Attorneys for Attorneys for Plaintiff,
Perry Jarrell

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| PERRY JARRELL , an Individual, Plaintiff, | Case No. 1:23-cv-01719-MC |
| v. | **MOVANTS' REPLY FOR MOTION FOR RECUSAL OF JUDGE MUSTAFA T. KASUBHAI** |
| ALLCARE HEALTH, INC., a corporation, Defendant | |

## I. INTRODUCTION

The undersigned counsel submits the following reply to the response Defendant filed to

the Movants' Motion for Recusal of Judge Mustafa T. Kasubhai.

## II. LEGAL STANDARD

While previously provided, the undersigned recites the following legal standards as

accurate statements of the current law applicable to motions to recuse:

The standard is objective - whether a reasonable person with knowledge of the facts

would question the judge's impartiality. *Clemens v. United States Dist. Court*, 428 F.3d 1175,

1178 (9th Cir. 2005). Even where the court is confident that a judge would in fact fairly

**REUTER CORBETT LLP**
1915 NE Stucki Ave, Suite 365
Hillsboro, OR 97006
503-874-6166

administrate the dispute between the parties, if that judge's impartiality might reasonably be questioned, it is an abuse of discretion to fail to recuse oneself. *Creech v. United States District Court for the District of Idaho*, 119 F. 4th 1114, 1116 (2024).

The 9th Circuit has interpreted this rule to require recusal "where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Carey*, 929 F.3d 1092, 1104 (9th Cir. 2019) (citations and quotation marks omitted). "The reasonable person is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer." *United States v. Mikhel*, 889 F.3d 1003, 1027 (9th Cir. 2018). The standard is objective. "[W]hat matters is not the reality of bias or prejudice but its appearance." *Carey*, 929 F.3d at 1104 (quoting *Liteky v. United States*, 510 U.S. 540, 548, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)); *Mikhel*, 889 F.3d at 1027 ("The goal of section 455(a) is to avoid even the appearance of partiality." (citations omitted)). This is necessarily a fact-bound inquiry that "turn[s] on subtleties in the particular case." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008); *id*. ("[T]he analysis of a particular section 455(a) claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue." (citation omitted)). "If the case is close, the judge should recuse." *Creech*, 119 F4th at 112. Citing See *Holland*, 519 F.3d at 912. See also *United States v. Dandy*, 998 F.2d 1334, 1349 (6th Cir. 1993) ("Where the question is close, the judge must recuse himself.").

A party may move for recusal when a judge has personal bias or prejudice, supported by affidavit stating facts and reasons for belief that bias exists. 28 U.S.C. § 144.

### III. REPLY TO OPPOSING COUNSEL'S ARGUMENTS AGAINST RECUSAL

#### A. Argument that Motion is Procedurally Deficient

MOVANTS' REPLY FOR MOTION FOR RECUSAL OF JUDGE MUSTAFA T. KASUBHAI  **Pg. 2 of 9**

**REUTER CORBETT LLP**
1915 NE Stucki Ave, Suite 365
Hillsboro, OR 97006
503-874-6166

Opposing Counsel argues that the personal lawyers for Plaintiff's Counsel at Reuter Corbett, LLP cannot file a motion on behalf of Caroline and Paul Janzen, because we are not attorneys of record, nor do we represent any party to the underlying lawsuit. Reuter Corbett, LLP provides legal ethics advice to lawyers and represents lawyers who have an actual or possible disciplinary matter before the Oregon State Bar, and in State and Federal Courts when the action considered or taken has led to or has the possibility of exposing the lawyer to potential sanctions by the Court. The latter service helps our lawyer clients, their clients and the Bench and Bar in making more fully informed decisions.

Most lawyers and judges do not have extensive knowledge of the laws governing lawyers, and Courts would prefer to be more fully informed prior to issuing sanctions or making a decision that might ultimately lead to a bar complaint. Opposing counsel has provided no legal authority suggesting that the process taken to bring this recusal motion before the Court is somehow improper or illegal; and having found none through research conducted prior to filing the motion to recuse, this Court should rule on the merits of the motion rather than some nebulous procedural grounds.

**B. Judge Kasubhai provided evidence that was not known to Judge McShane that was included in Judge McShane's Bar Complaint against Movants, which is Extrajudicial Conduct that Creates an Appearance of Impropriety**

Opposing Counsel has mischaracterized the purpose for stating that Judge Kasubhai provided confidential information to Judge McShane, which later was stated in a bar complaint that Judge McShane filed against Caroline and Paul Janzen ("Movants" or the "Janzens"). The purpose of providing this fact was not to indicate that Judge Kasubhai did anything wrong in making this disclosure, or that somehow the disclosure shows some deep

**REUTER CORBETT LLP**
1915 NE Stucki Ave, Suite 365
Hillsboro, OR 97006
503-874-6166

seeded bias against the Janzens. The reasons why this fact is relevant to the issue before this Court is twofold:

First and foremost, it involves an extrajudicial act, which is the first critical factor to verify in considering whether a party has properly pursued a recusal motion based on beliefs and opinions. *See Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 45 V.I. 712 (3d Cir. 2004) ("beliefs or opinions which merit recusal must involve an extrajudicial factor") (*id.* at 360 F.3d 155, 167).

Secondly, this is the type of action that would cause a reasonable person, with knowledge of this fact, to conclude that Judge Kasubhai's impartiality might reasonably be questioned. Opposing counsel implies that the actual facts that were disclosed by Judge Kasubhai must be provided in support of this motion, but this is not what the case law suggests. The caselaw merely qualifies the reasonable person standard with full knowledge of all relevant facts when applying the reasonable person standard.

The Janzens owe a duty of confidentiality to the clients they represented in the matters that were included in Judge McShane's bar complaint. Oregon Rules of Professional Conduct (ORPC) – Rule 1.6 requires the Janzens to not disclose any information related to the representation of those clients. So, they cannot introduce into this record the information that was included in the bar complaint filed by Judge McShane. However, this should not prevent them from moving forward with this motion, for the Janzens know that Judge Kasubhai will ultimately decide whether to recuse himself from this case, and Judge Kasubhali will know all the facts related to any disclosure that may have been provided to Judge McShane prior to his filing of the bar complaint. The Janzens have no doubt that Judge Kasubhai will correctly

MOVANTS' REPLY FOR MOTION FOR RECUSAL OF JUDGE MUSTAFA T. KASUBHAI

**REUTER CORBETT LLP**
1915 NE Stucki Ave, Suite 365
Hillsboro, OR 97006
503-874-6166

apply the reasonable person standard when he is considering whether the fully informed reasonable person might question his impartiality in making a decision related to this case.

In its simplest version, the application of the well informed reasonable person analysis could be as follows: if Judge McShane agrees that his filing a bar complaint against the Janzens is an extrajudicial act that creates an appearance of impropriety, then that same appearance can reasonably be imputed to any Federal Judge who assisted Judge McShane in filing his bar complaint. In recognition that the well informed reasonable person standard is normally applied to more detailed facts than those mentioned in the prior sentence, we offer the following step-by-step analysis with relevant facts and related reasoning:

1. Judge McShane filed a bar complaint against the Janzens.

2. Judge McShane was assigned this case where the Janzens were the attorneys of record for a party.

3. The Janzens filed a motion asking Judge McShane to recuse himself.

4. Based on that Motion, Judge McShane recused himself from this case in order to avoid an appearance of impropriety.

5. Judge Kasubhai was subsequently assigned this case from which Judge McShane recused himself.

6. The Janzens filed a motion asking Judge Kasubhai to recuse himself from presiding over the case based on the following:

   a. In his bar complaint against the Janzens, Judge McShane included facts that would have only been known from a disclosure that was made during a judicial settlement conference for a prior case.

**REUTER CORBETT LLP**
1915 NE Stucki Ave, Suite 365
Hillsboro, OR 97006
503-874-6166

b. This disclosure was only made to Judge Kasubhai when he was presiding over the judicial settlement conference in one of the prior case.

c. The specific subset of facts that were stated in Judge McShane's bar complaint were not disclosed to anyone other than Judge Kasubhai, and to the Janzens knowledge were otherwise undiscoverable by Judge McShane.

d. It is rare for the members of the Federal Bench to file a bar complaint against a lawyer who appears before them, and by doing so, the Judge has indicated that the conduct of the lawyer is particularly egregious,

e. In his bar complaint against the Janzens, Judge McShane indicated that he has reached the conclusion that the Janzens are, among other things, neglectful and unprofessional.

f. For the reasonable person objectively considering whether Judge McShane might be impartial to a client of the Janzens, it is a reasonable presumption that Judge McShane would continue to see the Janzens in the light described in (6)(e) above, and this prior judgment would affect his impartiality in deciding motions and matters brought before him by the Janzens.

g. It is reasonable to presume that any Federal Judge volunteering evidence to support Judge McShane's bar complaint against the Janzens has reached the same judgment that Judge McShane has regarding their work product and professionalism.

h. For the reasonable person objectively considering whether Judge Kasubhai might be impartial to a client of the Janzens, it is a reasonable presumption that Judge Kasubhai would continue to see the Janzens in the light described

**REUTER CORBETT LLP**
1915 NE Stucki Ave, Suite 365
Hillsboro, OR 97006
503-874-6166

in (6)(e) above, and this prior judgment would affect their impartiality in deciding motions and matters brought before this Judge by the Janzens.

Based on the foregoing, independent of any other arguments or evidence, a reasonable person could objectively conclude that Judge Kasubhai's impartiality may be brought into question.

### C. Judge Kasubhai's Different Application of Pleading Standards Supports an Appearance of Impropriety against the Clients of the Janzens

In the original motion for recusal of Judge Kasubhai, the Defendants argued that Judge Kasubhai's inconsistent application of the pleading standards amounted to a further demonstration of the appearance of his bias against the Janzens. This was intended to support the reasonable conclusion one could reach from reviewing Judge Kasubhai's extrajudicial action of providing evidence in support of Judge McShane's bar complaint against the Janzens. This argument and its related evidence was not intended to create a second basis for recusal but was offered only to affirm the reasonable conclusion one can reach from the first argument. It was also intended to show how the manifestation of the perceived bias can affect the Janzens clients.

### IV. CONCLUSION

In conclusion, the standards set forth under 28 U.S.C. § 455 and 28 U.S.C. § 144 are satisfied here. A reasonable person would have reason to believe that Judge Kasubhai impartiality might reasonably be questioned based on his disclosure of settlement communications that were subsequently used in a Bar complaint against Movants. Because even if this case is a close call for recusal, the judge should recuse, recusal is warranted here. Respectfully submitted this 12th day of February, 2026.

**REUTER CORBETT LLP**
1915 NE Stucki Ave, Suite 365
Hillsboro, OR 97006
503-874-6166

On this 12th day of February, 2026.

REUTER CORBETT LLP


/s/ *Troy J. Wood*
Troy J. Wood, OSB #954583
Email: twood@reutercorbett.com

**REUTER CORBETT LLP**
1915 NE Stucki Ave, Suite 365
Hillsboro, OR 97006
503-874-6166

<u>**CERTIFICATE OF SERVICE**</u>

I certify that I served a copy of the foregoing MOVANTS' REPLY FOR MOTION FOR

RECUSAL OF JUDGE MUSTAFA T. KASUBHAI on the following:


Sean P. Ray
Barran Liebman LLP
601 SW Second Avenue, Suite 2300
Portland, Oregon 97204-3159
sray@barran.com
Attorney for Defendant

Ashley T. Korkeakoski-Sears
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
asears@barran.com
Attorney for Defendant


On this 12th day of February, 2026 by:


    X       mailing to said individuals a complete and correct copy thereof, contained in a sealed envelope, addressed as set forth above and deposited in the United States mail at Portland, Oregon, with postage thereon prepaid, on said day.

    X       electronic mail at the email address set forth above.


REUTER CORBETT LLP

/s/ *Troy J. Wood*_____
Troy J. Wood, OSB #954583
Email: twood@reutercorbett.com

**REUTER CORBETT LLP**
1915 NE Stucki Ave, Suite 365
Hillsboro, OR 97006
503-874-6166