UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PERRY JARRELL, *an Individual*,

    Plaintiff,

    v.

ALLCARE HEALTH, INC., *a corporation*,

    Defendant.

Case No. 1:23-cv-01719-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Plaintiff filed this action against his former employer, Defendant AllCare Health, Inc. ("Defendant AllCare") alleging federal and state claims of employment discrimination. Before the Court are (1) Plaintiff's counsel's Motion to Recuse (ECF No. 35); and (2) the request for attorney fees in Sky Lakes Medical Center's Motion to Quash (ECF No. 17). For the below reasons, the Motion to Recuse is denied and the attorney fee request in the Motion to Quash is granted.

## BACKGROUND

Plaintiff alleges that, in the summer of 2021, he was terminated from his employment with Defendant when he refused to comply with Defendant's COVID-19 vaccine mandate due to his religious objections. Am. Compl. ¶ 9-10. Plaintiff alleges unlawful employment

Page 1 — OPINION AND ORDER

discrimination based on his religion. *Id.* ¶¶ 15-26. The facts relevant to the Motion to Quash and Motion to Recuse are as follows.

## I.    Motion to Quash

On November 5, 2025, Plaintiff served non-party Sky Lakes Medical Center ("Sky Lakes") with a subpoena seeking eleven different categories of documents:

- Human Resources and Employee Health policies regarding COVID testing program
- All data regarding Healthcare onset Covid-19 cases.
- Contact tracing protocol for when hospital employees tested positive for Covid.
- All spreadsheets containing contact tracing Covid-19 for employees who contracted Covid-19.
- All reports of employee exposures to someone who had contracted Covid-19.
- All documents related to the weekly testing program, including all policies and procedures.
- All documents related to the unit that provided rooms to change clothes.
- All records related to employee religious or medical exemption from Covid-19 vaccination accommodation plans.
- All contracts with any testing provider that provided weekly testing for people with religious or medical accommodations.
- All documents containing any test results from people who were provided accommodation.
- All OHA Recommendation Documents Regarding Weekly Testing Programs or accommodation requirements for religious and medical exemptions.

Schmid Decl. ¶ 3, Ex. 1, ECF No. 18. Counsel for Sky Lakes emailed Plaintiff's counsel on November 20, 2025, notifying them that Sky Lakes objected on the basis that service was improper, the scope of the subpoena was overbroad, the records sought were irrelevant to the litigation and confidential, and that responding would be unduly burdensome and disproportionate to the needs of the case. Lauren Decl. Ex. 1, ECF No. 19. Sky Lakes' counsel notified Plaintiff's counsel of their intent to file a motion to quash and seek attorney fees, and requested that Plaintiff's counsel either withdraw the subpoena or confer by phone. *Id.* After

Plaintiff's counsel did not respond, Sky Lakes' counsel followed up on November 24, 2025, asking again whether Plaintiff's counsel would withdraw the subpoena or confer by phone. *Id.* Plaintiff's counsel responded the same day with a single sentence: "We are not withdrawing the subpoenas." *Id*. Sky Lakes filed its Motion to Quash on November 26, 2025. *Id*.

On December 1, 2025, Chief Judge McShane, who was then presiding over this case, ordered Plaintiff to respond to Sky Lakes' motion by December 3, 2025. ECF No. 1. On the evening of December 2, 2025, Plaintiff's counsel emailed Sky Lakes' counsel in her capacity as counsel for another defendant in a different case about using materials from that matter in support of Plaintiff's response to the Motion to Quash in this matter. Riggs Decl. ¶ 2, Ex. 1, ECF No. 26. The next day, during a telephone conferral, Plaintiff's counsel noted that she had not read the motion to quash, but offered to narrow the scope of the subpoenas to reduce the burden on Sky Lakes. *Id.* ¶ 4. Later that day, Plaintiff's counsel notified Sky Lakes counsel that Plaintiff was "willing to withdraw all of the subpoenas for now," but also noted that they were "not promising to not reissue new subpoenas, after an appropriate conferral occurs between us." Riggs Decl. Ex. 2. Sky Lakes' counsel responded that because Plaintiff's counsel was unwilling to confer before Sky Lakes filed its Motion to Quash, Sky Lakes would not withdraw its Motion to Quash and accompanying request for attorney fees. *Id.* Addressing Plaintiff's counsel's offer to narrow the scope of the subpoena to minimize burden, Sky Lakes' counsel explained that such narrowing would not address its relevance and confidentiality objections to the subpoena. *Id.*

On December 3, 2025, Plaintiff's counsel filed a Notice of Withdrawal of the Sky Lakes Subpoena and concurrently filed a response to the Motion to Quash, arguing that it was moot in light of the withdrawal. ECF Nos. 22, 23. Sky Lakes filed a supplemental brief in response, arguing that the Motion to Quash was not moot because Plaintiff had reserved the right to reissue

the subpoena and because withdrawal did not moot the attorney fee issues raised in the motion. ECF No. 25. On December 8, 2025, Chief Judge McShane issued a minute order granting the Motion to Quash, noting that a written opinion would follow. ECF No. 27.

## II.     Motions to Recuse

On December 10, 2025, Plaintiff's counsel, through their own counsel, moved to recuse Chief Judge McShane from the case. ECF No. 28. The principal reason Plaintiff's counsel cited for disqualification was Chief Judge McShane's filing of a complaint against them with the Oregon State Bar. On December 29, 2025, Chief Judge McShane issued the following minute order:

> The Court is not biased against Plaintiff's attorneys. The Court disagrees that anything in its Bar Complaint or past Opinions could be viewed as "personal frustration and animus rather than neutral judicial assessment." Mot. Recusal 4; ECF No. 28. Additionally, the Court disagrees that anything in its Bar Complaint referenced, or even implied, any "character flaws" of Plaintiff's attorneys. Regardless, to avoid any appearance of impartiality, the Court GRANTS Plaintiff's Motion for Recusal, ECF No. 28.

ECF No. 32. The same day, the case was reassigned to this Court. ECF No. 33.

On January 22, 2026, Plaintiff's counsel, again through their own counsel, filed the instant Motion to Recuse.  ECF No. 35. Plaintiff's counsel contend that this Court "disclosed confidential settlement communications from a case involving [their] client" which were included in Chief Judge McShane's bar complaint. Paul Janzen Decl. ¶ 2; Caroline Janzen Decl. ¶ 2.

## DISCUSSION

Because Plaintiff's counsel's Motion to Recuse implicates the fitness of this Court to make further decisions in this case, the Court first addresses that motion before turning to the attorney fee issue raised in Sky Lakes' earlier-filed Motion to Quash.

I.     **Plaintiff's Counsel's Motion to Recuse**

Plaintiff's counsel ask this Court to recuse itself under 28 U.S.C. §§ 144 and 455. Section 144 provides that a judge must be recused when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. Section 455 requires a judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned," including if they have "a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). Recusal under both statutes is governed by the same standard: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). The "reasonable person" at issue "is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)). The bias or prejudice must arise from "an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995).

Except in "the most extreme circumstances," the federal recusal statutes "require a showing that the judge is (or appears to be) biased or prejudiced against a party, not counsel." *Standing Comm. on Discipline of U.S. Dist. Ct. for Cent. Dist. of California v. Yagman*, 55 F.3d 1430, 1444 (9th Cir. 1995). In cases of alleged bias against an attorney, the statutes "require such virulent personal bias or prejudice against the attorney as to amount to a bias against the party." *United States v. Jacobs*, 855 F.2d 652, 656 n.2 (9th Cir. 1988).

Here, the basis for Plaintiff's counsel's recusal motion is the Court's extrajudicial action of "disclos[ing] confidential settlement communications from a case involving our client to Judge McShane [which were] subsequently incorporated into a State Bar complaint filed against [Plaintiff's counsel]." Paul Janzen Decl. ¶ 2; Caroline Janzen Decl. ¶ 2. Plaintiff's counsel also cite two different opinions written by this Court in other matters—purportedly from before and after the communication between this Court and Chief Judge McShane—that they contend illustrate a "marked shift in judicial approach" creating an appearance of bias. Mot. for Recusal 4.

The Court finds that Plaintiff's counsel have failed to state adequate grounds for recusal. First, the motion is unsupported by any evidence regarding the timing or nature of the communications between this Court and Chief Judge McShane, or the State Bar complaint at issue. Plaintiff's counsel contend that they could not have disclosed more detail without violating their duty of confidentiality to the clients at issue included in the Bar Complaint. But Plaintiff's counsel could have proposed to provide the evidence under seal or for in camera inspection. They did not. Plaintiff's counsel also suggest that evidence is not needed because this Court has personal knowledge of the facts at issue. But the Court's personal knowledge of the events referenced in the Janzens' Declaration is not evidence. Plaintiff's counsel's motion is therefore unsupported by any evidence about the circumstances, timing, and nature of the disclosure. Plaintiff's counsel has not adequately demonstrated that a reasonable person would question this Court's impartiality.

Plaintiffs' counsel also rely on this Court's rulings on motions to dismiss in two of Plaintiffs' counsel's other cases as evidence of this Court's bias following its alleged disclosure to Chief Judge McShane. Setting aside the problem that the Court cannot discern from this

record when the disclosure occurred relative to these two decisions, no reasonable person would conclude that the reason for the differing decisions was bias resulting from the disclosure. The cases cited by Plaintiffs' counsel involved different elements and different allegations which compelled different conclusions for the reasons explained in those decisions. *See Dill v. PeaceHealth*, 2024 WL 5202124 (D. Or. Dec. 23, 2024); *DeMeyer v. St. Charles Health Sys., Inc.*, 2023 WL 5614946 (D. Or. July 3, 2023), *report and recommendation adopted,* 2023 WL 5609102 (D. Or. Aug. 30, 2023). These cherry-picked cases also ignore that, around the same time or even after *Dill*, this Court continued to deny other motions to dismiss in Plaintiffs' counsel's cases where their clients' allegations on the same element at issue in *Dill* were legally sufficient to state a claim. *See, e.g.*, *Dozier v. St. Charles Health Sys., Inc.*, No. 2025 WL 88693 (D. Or. Jan. 14, 2025); *Nichols v. PeaceHealth*, 2024 WL 5090709 (D. Or. Dec. 12, 2024). Regardless, that the Court rendered two different decisions where the legal questions and factual allegations warranted them is no evidence of bias.

Merely providing information that ultimately was included in a bar complaint and issuing different decisions before and after that disclosure would not lead a reasonable person to question this Court's impartiality. This is especially true where, as here, Plaintiff's counsel does not allege bias against their client, but against them personally. The evidence comes nowhere close to demonstrating the level of "virulent" bias against Plaintiff's counsel that would be necessary to amount to bias against the party they represent in this case. Plaintiff's counsel's Motion to Recuse is denied.

## II.    Non-Party Sky Lakes' Attorney Fees Request

In its Motion to Quash, Sky Lakes seeks attorney fees pursuant to Rule 45(d)(1), which provides:

A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1).

Here, the record establishes that Plaintiff's counsel failed to take reasonable steps to avoid imposing undue burden or expense on Sky Lakes. Prior to filing its Motion to Quash, Sky Lakes' counsel twice requested that Plaintiff's counsel either withdraw the subpoena or confer by phone. Lauren Decl. Ex. 1. Plaintiff's counsel did not respond to the first request and simply stated that they would not withdraw the subpoenas in response to the second request. *Id.* When conferral did finally occur—after Sky Lakes had already incurred the time and expense of filing a motion—Plaintiff's counsel withdrew the subpoena, confirming that the time and expense could have been avoided if Plaintiff's counsel had properly conferred with Sky Lakes' counsel before the motion was filed. The Court orders Plaintiff's counsel to pay Sky Lakes' reasonable fees incurred in bringing its Motion to Quash.

## CONCLUSION

For the reasons discussed above, Plaintiff's counsel's Motion to Recuse (ECF No. 35) is DENIED and Non-Party Sky Lakes' request for attorney fees in its Motion to Quash (ECF No. 17) is GRANTED. Sky Lakes may file a motion for attorney fees consistent with this Court's decision within 21 days of the date of this order. As it appears the dispositive motion deadline has passed and no motions were filed, a telephone conference is set for June 2, 2026, at 10:00AM to schedule trial.

DATED this 22nd day of May 2026.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge

Page 8 — OPINION AND ORDER