UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PERRY JARRELL, *an Individual*,

Plaintiff,

v.

ALLCARE HEALTH, INC., *a corporation*,

Defendant.

Case No. 1:23-cv-01719-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Plaintiff Perry Jarrell filed this action against his former employer, Defendant AllCare Health, Inc., alleging federal and state claims of employment discrimination. Before the Court is Sky Lakes Medical Center's ("Sky Lakes") Motion for Attorney Fees (ECF No. 48). For the below, Sky Lakes' motion is granted in part.

**BACKGROUND**

On November 5, 2025, Plaintiff served non-party Sky Lakes Medical Center ("Sky Lakes") with a subpoena seeking eleven different categories of documents, which Sky Lakes objected to on numerous bases. Lauren Decl. Ex. 1, ECF No. 19. Following fruitless attempts to resolve the conflict with Plaintiff's counsel, Sky Lakes was forced to file a Motion to Quash the subpoena. *Id.*; *see also* Mot. Quash, ECF No. 17. That motion included a request that "the Court should order Plaintiff's counsel to reimburse it for the reasonable attorney fees expended in bringing this motion to quash." Mot. Quash 9. The Court ultimately agreed, citing Rule 45(d)(1)

and finding that "Plaintiff's counsel failed to take reasonable steps to avoid imposing undue burden or expense on Sky Lakes." Op. and Order 8, May 22, 2026, ECF No. 42. Consistent with Sky Lakes' request, the Court ordered "Plaintiff's counsel to pay Sky Lakes' reasonable fees incurred in bringing its Motion to Quash," and directed Sky Lakes to file a formal motion documenting those costs. *Id.* Sky Lakes filed that motion on June 12, 2026, requesting fees in the amount of $11,747.33. Mot. Att'y Fees, ECF No. 48. Sky Lakes' Motion also requests that the Court order should: (1) specify that the fees are awarded jointly and severally against Plaintiff's counsel personally as well as their law firm, Rugged Law, Inc.; (2) order payment no later than 7 days after entry of the Court's order granting the motion; and (3) "[r]equire Plaintiff's Counsel to send a copy of the payment transmittal letter and check to Sky Lakes's Counsel on the day of mailing." *Id.* at 2.

## DISCUSSION

Plaintiff's counsel filed several specific objections to Sky Lakes' Motion. The Court addresses each in turn.

### I. Reasonable Fees

The determination of a reasonable attorney's fee begins with the "lodestar" method, which "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563–64 (1986). The party seeking an award of fees bears "the burden of documenting the appropriate hours expended in the litigation, and [is] required to submit evidence in support of those hours worked." *United Steelworkers of Am. v. Ret. Income Plan for Hourly-rated Emps. of Asarco, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008) (quotations omitted).

When "determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise

unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). In making that determination, courts consider the following "*Kerr*" factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). A rote recitation of the relevant factors is unnecessary if the court adequately explains the basis for its award of attorney fees. *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995).

With respect to the reasonable hourly rate, Plaintiff's counsel does not object to the rates charged by Attorneys Riggs and Lauren, and this Court approves them for the same reasons it did in *Pickens v. PeaceHealth*, No. 6:23-cv-01718-MTK (D. Or. May 22, 2026). Plaintiff's counsel does object to the $830.00 hourly rate charged by Attorney Garone. Sky Lakes' counsel represents that Attorney Garone was involved in this matter in his capacity as "the most appropriate Shareholder available to assist" while Attorney Riggs was away on a pre-planned vacation. Riggs Decl. ¶ 6, ECF No. 49. It is unclear to the Court whether Plaintiff's counsel's objection is based on the involvement of a more expensive attorney due to a pre-planned vacation or based on an argument that Sky Lakes' counsel has not supported Attorney Garone's rate with the appropriate documentation, but in either event the Court is not convinced. Attorney Garone's rate, like Attorneys Riggs and Lauren's rates, is supported by the Oregon State Bar's 2022 Economic Survey, survey data from 188 U.S. law firms, and Attorney Garone's relevant experience and years of practice. Plaintiff's counsel cites no authority for the proposition that

Attorney Garone's rate should be reduced to Attorney Riggs' rate simply because she was on vacation. Under the circumstances, the Court finds Attorney Garone's limited involvement—and his hourly rate—reasonable and appropriate. Thus, the Court authorizes the billing rates included in Sky Lakes' motion and supporting material.

Plaintiff's counsel also object to certain hours Sky Lakes included in its billing spreadsheet. First, Plaintiff's counsel identify three entries in Sky Lakes' billing spreadsheet that appear to relate to the Motion to Recuse rather than the Motion to Quash. This objection is well taken, and the Court excludes these three time entries—totaling $538.00 at the relevant rates—from its lodestar calculation. Second, Plaintiff's counsel object to Sky Lakes' inclusion of "fees on fees," meaning the time Sky Lakes' counsel spent preparing the Motion for Attorney's Fees. This objection is likewise well taken. The Court ordered recovery of fees associated with bringing the Motion to Quash, not the Motion for Attorney Fees, and neither Sky Lakes' Motion for Attorney Fees nor its Reply in Support of Motion for Attorney Fees include any authority or argument about why fees on fees are appropriate here. The Court therefore excludes those two time entries—totaling $1,386.67[1] at the relevant rate—from its lodestar calculation. The Court has reviewed the remainder of the time entries to which Plaintiff's counsel did not object and finds them to be reasonable and appropriately related to the Motion to Quash. The Court also approves Sky Lakes' counsel's proposed method of charging a one third share of certain entries which related in equal part to two other matters.

[1] Plaintiff's counsel had calculated this amount at $1,430, but Plaintiff's counsel failed to account for the fact that Sky Lakes only seeks one third of the rate for one of those two time entries. The Court's total accounts for the appropriate share.

Excluding the entries identified in Plaintiff's Response to Motion for Attorney Fees, Resp. 2-3 ECF No. 50, the Court finds based on its review of Sky Lakes' counsel's time logs that Sky Lakes is entitled to a total of $9,822.66 in attorney fees.

## II. Joint and Several Liability

Sky Lakes asks the Court to "[s]pecify that the fees are awarded against both Plaintiff's Counsel, Caroline Janzen and Paul Janzen, personally, and against their law firm, Rugged Law, Inc., and that they are jointly and severally liable for such payment." Mot. Att'y Fees 2. Sky Lakes contends this provision is necessary because it believes Plaintiff's counsel will attempt to avoid payment of the order based on a personal bankruptcy discharge. Sky Lakes notes in a footnote that because Plaintiff's counsel did not name Sky Lakes as a creditor or provide it with notice of the bankruptcy filing, Sky Lakes' position is that this debt has not been discharged. Mot. Att'y Fees 7 n.3. However, Sky Lakes seeks to avoid litigating this dispute in the bankruptcy proceeding by specifying here that the award is against both Plaintiff's counsel personally as well as their firm.

The Court declines to include the joint and several liability provision Sky Lakes requests. Sky Lakes' Motion to Quash, which gave rise to this attorney fee motion, sought sanctions against "Plaintiff's counsel." Mot. Quash 9. Likewise, the order granting sanctions stated that "[t]he Court orders *Plaintiff's counsel* to pay Sky Lakes' reasonable fees." Op. and Order 8 (emphasis added). Only after the sanctions had been granted against Plaintiff's counsel did Sky Lakes seek an extension of the sanctions to Plaintiff's counsel's law firm. Sky Lakes' request is devoid of any citation to legal authority authorizing the Court to modify its sanctions award in the manner it requests. While the Court can appreciate Sky Lakes' concern, the Court agrees with Plaintiff's counsel that the dispute is more appropriately left to the appropriate bankruptcy forum.

## III. Time for Payment

Finally, Sky Lakes requests that the Court order Plaintiff's counsel to pay the attorney fees "no later than seven (7) days after entry of the Court's order." Mot. Att'y Fees 2. Plaintiff's counsel objects, arguing that the deadline is "[u]nreasonably [s]hort" and that "[s]tandard practice in this District is to allow 14 to 30 days from entry of a fee order." Resp. 5. Plaintiff requests a payment deadline of 30 days.

The Court declines to include the seven-day deadline Sky Lakes requests. Sky Lakes' motion includes no explanation as to why payment is required within seven days. While it does explain that a deadline is necessary "so there is no dispute as to when payment is due, and when Plaintiff's Counsel have failed to comply with the order if they do not make such payment," Mot. Att'y Fees 7, that same rationale would apply to any deadline. In fact, neither party has provided this Court with any citation to legal authority as to whether and what kind of payment deadline is appropriate for an order awarding attorney fees. However, as Plaintiff's counsel concedes that a 30-day deadline is reasonable, the Court will require Plaintiff's counsel to pay the attorney fees within 30 days of entry of this order.

## CONCLUSION

Sky Lakes' Medical Center's Motion for Attorney Fees (ECF No. 48) is GRANTED in part as follows: Plaintiff's counsel shall pay Sky Lakes' attorney fees in the amount of $9,822.66. Payment must be made no later than 30 days after entry of this order, in the form a check made payable to "Sky Lakes Medical Center" and delivered to:

Sky Lakes Medical Center<br>
C/O Jon French, Vice President and General Counsel<br>
2865 Daggett Avenue, Klamath Falls, OR 97601

Plaintiff's counsel shall also send a copy of the payment transmittal letter and check to Sky Lakes' Counsel on the day of mailing.

DATED this 5th day of October 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge